IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MEKENZIE BURKE,[1] | § | |
| | § | No. 550, 2017 |
|     Respondent Below- | § | |
|     Appellant, | § | |
| | § | |
|     v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| DEPARTMENT OF SERVICES FOR | § | |
| CHILDREN, YOUTH AND THEIR | § | File Nos. 17-07-06TN |
| FAMILIES, | § |           17-07-07TN |
| | § | Pet. Nos. 17-22187 |
|     Petitioner Below- | § |           17-22189 |
|     Appellee. | § | |

Submitted: May 21, 2018
Decided: June 28, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices

# **O R D E R**

Upon consideration of the appellant's brief filed under Supreme Court Rule 26.1(c), her attorney's motion to withdraw, and the appellee's response and motion to affirm, it appears to the Court that:

(1) By order dated November 22, 2017, the Family Court terminated the parental rights of the appellant, Mekenzie Burke ("Mother"), with respect to her four children, who are eight, seven, five, and three years old,

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

respectively.[2]  This is Mother's appeal from the termination of her parental rights.

(2)     Mother's appointed counsel on appeal has filed an opening brief and a motion to withdraw under Supreme Court Rule 26.1(c).  Counsel asserts that she has reviewed the record and has determined that no arguable claim for appeal exists. By letter, Mother's counsel informed her of the provisions of Rule 26.1(c) and provided her with a copy of the motion to withdraw and accompanying brief. Mother did not respond with any points for the Court's consideration on appeal. The appellee, the Department of Services for Children, Youth and Their Families for DSCYF of Delaware ("DSCYF"), has filed a response to counsel's Rule 26.1(c) brief and has moved to affirm the Family Court's judgment.  Counsel for the children also has moved to affirm the Family Court's judgment.

(3)     Mother has an extensive history with DSCYF, as both a child and an adult.   Mother previously had her parental rights terminated as to another child in March 2009.  In the present case, DSCYF filed an emergency petition for custody of the children in November 2015 after Mother was hospitalized for intoxication and no other appropriate caretakers were located.   At the

---

[2] The Family Court's order also terminated the parental rights of the children's respective fathers, who are not parties to this appeal.  We only recite the necessary facts in the record as they relate to Mother.

preliminary protective hearing on November 25, 2015, Mother stipulated that the children were dependent. At the adjudicatory hearing in January 2016, Mother again stipulated that the children were dependent in her care given her lack of stable housing and her unemployment. Mother failed to appear at the dispositional hearing held in February 2016. A DSCYF employee reported that Mother had missed her last few appointments with her drug treatment counselor, had allowed her Medicaid to lapse, and had stopped engaging with the domestic violence liaison.

(4) Over the course of the next year, the Family Court held quarterly review hearings and heard evidence concerning DSCYF's efforts to reunify Mother with the children. At the review hearing held in January 2017, DSCYF reported that case planning with Mother had improved, that Mother was engaging in necessary services, and that Mother was having unsupervised overnight visits with the children. Given Mother's encouraging progress, DSCYF attempted a trial reunification from March 24, 2017 to April 11, 2017. The trial reunification failed and the children were returned to foster care.

(5) At the permanency hearing held on May 8 and June 20, 2017, DSCYF presented evidence concerning the failed trial reunification effort and the incident that led to the children's return to foster care, which involved Mother's intoxication in a public park while she was supposed to be watching

3

the children. After the failed reunification, Mother regressed in making progress on her case plan. She did not have stable housing, had new criminal charges, and had ongoing, untreated substance abuse issues. The Family Court granted DSCYF's motion to change the goal from reunification to termination of parental rights/adoption because the children had been in foster care for more than a year and a half, and it was unlikely that the children could be reunified with either parent.

(6) The TPR hearing was held on October 11, 2017. Mother appeared with her counsel. At the time of the hearing, Mother was incarcerated. She had not been in contact with her case worker since June and had not seen the children since April. The Family Court heard testimony from multiple witnesses. In its 34 page post-hearing opinion, the Family Court found clear and convincing evidence that Mother had failed to plan for the children,[3] that DSCYF had made reasonable efforts at reunification, and that termination of Mother's parental rights was in the best interest of the children.[4]

(7) On appellate review of a termination of parental rights, this Court is required to consider the facts and the law as well as the inferences and

---

[3] 13 *Del. C.* § 1103(a)(5)(b).
[4] *Id.* § 1103(a).

4

deductions made by the Family Court.[5] We review legal rulings *de novo*.[6] We conduct a limited review of the factual findings of the trial court to assure that they are sufficiently supported by the record and are not clearly wrong.[7] If the trial judge has correctly applied the law, our review is limited to abuse of discretion.[8]

(8)     The statutory procedure for terminating parental rights requires two separate inquires.[9]  First, the court must determine whether the evidence presented meets one of the statutory grounds for termination.[10] Second, the court must determine whether termination of parental rights is in the best interest of the child.[11]  When the statutory basis for termination of parental rights is failure to plan adequately for the child's physical, mental, or emotional needs,[12] there must be proof of a least one additional statutory factor[13] and proof that DSCYF made *bona fide* reasonable efforts to reunify

---

[5] *Scott v. DSCYF*, 2012 WL 605700 (Feb. 27, 2012) (citing *Wilson v. Div. of Fam. Services*, 988 A.2d 435, 439-40 (Del. 2010)).

[6] *Wilson v. Div. of Fam. Services*, 988 A.2d 435, 440 (Del. 2010).

[7] *Id.*

[8] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).

[9] *Shepherd v. Clemens*, 752 A.2d 533, 536-37 (Del. 2000).

[10] *Id.* at 537. *See also* 13 *Del. C.* § 1103(a)(1-8) (listing the grounds for termination of parental rights).

[11] 13 *Del. C.* § 722(a)(1)-(8) (listing factors to be considered when determining the best interest of the child).

[12] *Id.* § 1103(a)(5).

[13] *Id.* § 1103(a)(5)a (listing additional factors).

the family and preserve the family unit.[14]  All of these requirements must be established by clear and convincing evidence.[15]

(9)    In this case, the Family Court found clear and convincing evidence that Mother had failed to plan adequately for her children's needs, that the children had been in DSCYF's custody for more than one year, and that termination was in the best interest of the children.  After careful review of the record, we conclude there is ample evidence to support the Family Court's termination of Mother's parental rights. We find no abuse of discretion in the Family Court's factual findings, and no error in its application of the law to the facts.

NOW, THISEFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[14] *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989).
[15] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).